**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTONIO FRANCO BENITEZ,** | : | **CIVIL ACTION NO. 1:26-CV-3088** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **ANGELA HOOVER,[1] WARDEN of Clinton County Correctional Facility,** | : | |
| | : | |
| **Respondent** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is a motion to "Not Move Petitioner Pending Petition for Review." (Doc. 2). The petitioner, Antonio Franco Benitez, asks the court to enjoin Immigration and Customs Enforcement ("ICE") from moving Benitez out of Clinton County Correctional Facility before the resolution of his petition for the writ of habeas corpus. (Doc. 1). As explained below, the court must deny the motion.

Benitez is before the court on a matter of immigration, and the court's review of orders associated with immigration matters is strictly proscribed by 8 U.S.C. § 1252(b)(9). The statute states "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a

[1] Though the petition names several parties, the only true respondent should be the warden of the facility having custody over the petitioner. <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-35 (2004). The court takes judicial notice of the fact that Angela Hoover is presently the warden of Clinton County Correctional Facility, and so she is substituted as the defendant here pursuant to Fed. R. Civ. P. 25(d).

final order under this section," and therefore may only appeal to the court of appeals, (and only to that court after the Board of Immigration Appeals has heard and denied an appeal from the petitioner). 8 U.S.C. § 1252(b)(9).

In Khalil v. President, the Third Circuit Court of Appeals had cause to address the precise effect of Section 1252(b)(9) on a district court's jurisdiction. 164 F.4th 259 (3d Cir. 2026). The court of appeals was reviewing, among other things, an injunction from the district court which stayed the petitioner's removal from the United States. Khalil, 164 F.4th at 267. The Third Circuit vacated and remanded with instructions to dismiss the case for lack of subject matter jurisdiction. Id. at 281. The court noted that an earlier case, E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec., 950 F.3d 177, 186 (3d Cir. 2020), confined district court jurisdiction under Section 1252(b)(9) to so-called "now or never" cases which could not be heard via a later petition for review ("PFR"). However, "E.O.H.C. left open an important question: Is a claim now or never if a petitioner alleges an injury that cannot be remedied later through a PFR? Or must the claim raise legal or factual questions that cannot later be reviewed via a PFR?" Khalil, 164 F.4th at 274 (cleaned up). The court concluded a "now-or-never claim must raise legal or factual *questions* that a court of appeals will not later be able to review meaningfully on a PFR. It is not enough to assert an injury that cannot be remedied later." Id. at 274-75 (emphasis in original).

The court reads this precedent to foreclose consideration of Benitez's motion. The decision by immigration officials to transfer a petitioner between facilities plainly "arise[s] from . . . [an] action taken . . . to remove an alien from the United States." 8

U.S.C. § 1252(b)(9). A challenge to a transfer does not seem to present any "now or never" legal question that would give a district court jurisdiction over the question, as the final order of removal can still be litigated through the normal course by appealing to the BIA and the court of appeals, and the district court would not lose jurisdiction over the underlying habeas claim even if the petitioner were transferred after the filing of the habeas petition. See Khalil, 164 F.4th at 271 (affirming precedent that a petitioner's subsequent transfer does not divest a district court of habeas jurisdiction). Transfers between facilities during the pendency of the habeas petition seems instead to simply be an "an injury that cannot be remedied later" under Khalil. 164 F.4th at 274.

For these reasons, the court must deny the motion to prohibit moving the petitioner during the pendency of his petition.

An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: October 23, 2026.